**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

RUSSELL FRANKLIN SCHROEDER,
            *Petitioner-Appellant,*

v.

JAMES E. TILTON, Secretary, in his
capacity as head of the California
Department of Corrections and
Rehabilitation,*
            *Respondent-Appellee.*

No. 06-15391

D.C. No.
CV-03-04095-JSW

OPINION

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted
February 16, 2007—San Francisco, California

Filed July 3, 2007

Before: J. Clifford Wallace, Richard D. Cudahy,* and
M. Margaret McKeown, Circuit Judges.

Opinion by Judge McKeown

---

*James E. Tilton is substituted for his predecessor, Edward S. Alameida, Jr., who was Director of the California Department of Corrections, pursuant to Fed. R. App. P. 43(c)(2).

*The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

**COUNSEL**

Cliff Gardner and Catherine White, Law Office of Cliff Gardner, Oakland, California, for the appellant.

Bill Lockyer, Mary Jo Graves, Gerald Engler, Juliet Haley, and Christina Vom Saal, Attorney General of the State of California, San Francisco, California, for the appellee.

# OPINION

McKEOWN, Circuit Judge:

We consider whether a California state trial court violated the Ex Post Facto Clause when it admitted evidence of prior sexual misconduct under California Evidence Code § 1108. In *Carmell v. Texas*, the Supreme Court explained that some, but not all, rules of evidence have an impermissible retroactive effect if used in criminal trials where the conduct at issue took place before the rule of evidence was adopted. *See* 529 U.S. 513, 530-33, 544-52 (2000). We now face the question of whether the California court unreasonably applied Supreme Court law in holding that California Evidence Code § 1108, which addresses the admissibility of prior sexual offenses, falls outside the scope of *Carmell*.

## BACKGROUND

In May 1999, Russell Franklin Schroeder was charged under California Penal Code § 288 and § 288.2 with five counts of sexual misconduct in Santa Clara County Superior Court: three counts of committing a lewd act on his granddaughter Jessica D.,[1] one count of committing a lewd act on his granddaughter Alicia D., and one count of exhibiting harmful material to Jessica. The events giving rise to the indictment took place in January 1994. At that time, Schroeder's daughter Marcia left Jessica and Alicia with Schroeder overnight while she went on a short trip. Schroeder allegedly made both girls perform oral sex on him, performed oral sex on Jessica, made Jessica touch her genitals with a vibrator, and showed pornographic movies to Jessica. Jessica testified at trial to these events.

---

[1] The parties refer to the victims by their first names throughout the proceedings both to aid clarity and protect the victims' privacy, and we adopt that convention here.

At trial, the prosecution introduced evidence, over the defense's objection, that Schroeder had previously molested both of his daughters, Marcia and Lisa, over a period of several years. Similar evidence suggested that Schroeder paid other young girls to take off their clothes, offered to pay young girls for oral sex, and had been seen naked by young girls. The trial court admitted this prior uncharged conduct under California Evidence Code § 1108. Section 1108 became effective in 1996, after Schroeder committed the charged offenses but before he was brought to trial.

The jury convicted Schroeder on all five counts.[2] The Santa Clara County Superior Court sentenced Schroeder to a term of twelve years. Schroeder appealed to the California Court of Appeal, arguing in part that applying § 1108 to his trial violated his rights under the Ex Post Facto Clause. U.S. Const. art. I, § 10, cl. 1. The Court of Appeal rejected this challenge, holding that:

> section 1108 deems more evidence relevant and makes more evidence admissible, but it does not thereby eliminate or lower the quantum of proof required or in any way reduce the prosecutor's burden of proof. The prosecutor still had to prove the same elements beyond a reasonable doubt to convict defendant.

Based on these considerations, the court held that § 1108 was not the type of rule contemplated by *Carmell*. The California Supreme Court denied review, and the district court denied Schroeder's petition for a writ of habeas corpus on the same claim.

---

[2]The state later conceded the conviction for exhibiting harmful material was time-barred and Schroeder's conviction on this count was reversed.

## ANALYSIS

Our de novo review is governed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *See Wildman v. Johnson*, 261 F.3d 832, 836-37 (9th Cir. 2001). Under AEDPA, a district court may grant a petition for habeas corpus under 28 U.S.C. § 2254 only if a state court's adjudication of the petitioner's claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d).[3] "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000).

Schroeder's only contention on appeal is that the state court violated the Ex Post Facto Clause when it admitted evidence of his prior sexual misconduct under California Evidence Code § 1108.[4] Section 1108 provides in part: "In a criminal action in which the defendant is accused of a sexual offense, evidence of the defendant's commission of another sexual offense or offenses is not made inadmissible by Section 1101, if the evidence is not inadmissible pursuant to Section 352." Cal. Evid. Code § 1108(a).

---

[3]In this case, we review the judgment of the California Court of Appeal because it is the state's "last reasoned decision." *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002).

[4]To the extent that Schroeder raises a separate challenge that the jury instructions resulted in an impermissibly retroactive application of § 1108 in his individual case, that issue goes beyond the scope of the certificate of appealability, and we decline to address it here. *See* 9th Cir. R. 22-1 & Advisory Committee Note.

Our analysis of § 1108 leads us to comment on §§ 1101 and 352. Section 1101 articulates California's general ban on the use of propensity evidence. It states that "[e]xcept as provided in this section and in Sections 1102, 1103, 1108, and 1109, evidence of a person's character or a trait of his or her character (whether in the form of an opinion, evidence of reputation, or evidence of specific instances of his or her conduct) is inadmissible when offered to prove his or her conduct on a specified occasion." Cal. Evid. Code § 1101(a). Section 1101 then identifies some of the permissible uses of prior conduct evidence, including, but not limited, to demonstration of "motive, opportunity, intent, preparation, plan, knowledge, identity, [and] absence of mistake or accident." *Id.* § 1101(b).

[1] Section 352 requires the court to evaluate whether the "probative value [of the evidence] is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury." Cal. Evid. Code § 352. In sum, § 1108 creates an exception to the general ban on propensity evidence, so that evidence of prior sexual misconduct may be presented to the jury to demonstrate propensity to commit the crime charged, provided that the prejudicial value of that evidence does not substantially outweigh its probative value.

[2] To evaluate Schroeder's claim, we turn to article I, section 10 of the United States Constitution, which states that "[n]o State shall . . . pass any Bill of Attainder [or] ex post facto Law . . . ." U.S. Const., art. I, § 10, cl. 1. In its most basic application, the clause precludes Congress and the states from enacting laws that criminalize an act already performed. *See Calder v. Bull*, 3 U.S. (3 Dall.) 386, 390 (1798).

[3] In *Carmell*, the Supreme Court confirmed that the prohibition on ex post facto laws also extends to those laws that "alter[ ] the legal rules of evidence, and [allow the court to] receive[ ] less, or different testimony, than the law required at

the time of the commission of the offence, in order to convict the offender." 529 U.S. at 522 (citing *Calder*, 3 U.S. at 390) (emphases omitted).**5** *Carmell* addressed a challenge to a Texas law that changed the rules of evidence with respect to certain types of sex offenses. *Id.* at 516. An amendment to the Texas penal code authorized conviction for such offenses based solely on the victim's testimony, whereas before the amendment was enacted, other corroborating evidence — beyond the victim's testimony — was required where the victim was fourteen years of age or older. *Id.* at 517-19. Prior to enactment of the amendment, if no corroborating evidence was presented, a defendant was entitled to a judgment of acquittal. *Id.* at 518. The defendant in *Carmell* argued that retroactive application of the rule violated the Ex Post Facto Clause because his convictions were based solely on the testimony of the alleged victim who was fourteen or fifteen years old at the time the acts were committed. *Id.* at 520.

**[4]** The Supreme Court agreed. It first noted that "[u]nder the law in effect at the time the acts were committed, the prosecution's case was legally insufficient and petitioner was entitled to a judgment of acquittal." *Id.* at 530. The Court held that because the amended law "changed the quantum of evidence necessary to sustain a conviction," it violated the Ex Post Facto Clause. *See id.* In so doing, *Carmell* distinguished ordinary rules of evidence, which govern admissibility or competency, for example, from those rules that affect the sufficiency of the evidence. *Id.* at 533 n.23. Applying the Texas rule had an impermissible retroactive effect because the rule did "not merely 'regulat[e] . . . the mode in which the facts constituting guilt may be placed before the jury,' . . . but govern[ed] the sufficiency of those facts for meeting the burden of proof." *Id.* at 545 (citing *Hopt v. Territory of Utah*, 110 U.S. 574, 590 (1884)) (first alteration in *Carmell*).

---

**5***Carmell* was decided on May 1, 2000, during Schroeder's trial, so *Carmell* is the applicable law.

The narrow question presented in this appeal is whether the state court unreasonably applied *Carmell* in holding that § 1108 does not "eliminate or lower the quantum of proof required or in any way reduce the prosecutor's burden of proof."

**[5]** The state court did not err in concluding that § 1108 is an "ordinary" rule of evidence that does not violate the Ex Post Facto Clause. *Id.* at 533 n.23. The text of § 1108 does not speak to the sufficiency of the evidence it renders admissible. It simply states that evidence of prior uncharged sexual misconduct may be admitted to prove propensity. Cal. Evid. Code § 1108. The rule, "by simply permitting evidence to be admitted at trial, . . . do[es] not concern whether the admissible evidence is sufficient to overcome the presumption [of innocence]." *Carmell*, 529 U.S. at 533 n.23. Nothing in the text of § 1108 suggests that the admissible propensity evidence would be sufficient, by itself, to convict a person of any crime. Section 1108 relates to admissibility, not sufficiency.

*Carmell* explicitly recognized that the retroactive application of certain evidentiary rules to certain defendants might well be disadvantageous to those defendants. *Id.* But, it observed that "to the extent that one may consider [laws affecting only the admissibility of evidence] as 'unfair' or 'unjust,' they do not implicate the same *kind* of unfairness implicated by changes in rules setting forth a sufficiency of the evidence standard." *Id.*

Schroeder raises two arguments suggesting that we reach a different conclusion. First, he argues that the state court's decision was contrary to clearly established federal law because the state court read the word "different" out of *Carmell*'s prohibition against retroactively applying laws that allow a defendant to be convicted on "less or different" evidence than was required at the time of the offense. *Carmell*, 529 U.S. at 525. While it is literally true that § 1108 allows conviction on "different" evidence than allowed before the

adoption of the rule, Schroeder would have us overlook *Carmell*'s extended discussion of the difference between sufficiency rules on one hand, and admissibility and competency rules on the other. *See id.* at 530, 532-33, 542-47. We are not free to do so.

**[6]** Schroeder also argues that two facts alone dictate reversal under *Carmell*: (1) that uncharged acts could be introduced to prove criminal disposition and (2) that a jury could rely on this disposition to convict. Schroeder's argument would be persuasive only if the jury could rely *solely* on the uncharged acts to convict. As noted above, nothing in the rule provides that evidence under § 1108 would suffice to prove all of the elements of a violation of California Penal Code § 288(a) beyond a reasonable doubt with respect to Jessica and Alicia specifically. The fact that the jury could consider prior sexual misconduct in weighing whether Schroeder was guilty of the offenses charged does not, without more, violate the Ex Post Facto Clause.

**[7]** Because § 1108 did not affect the quantum of evidence sufficient to convict Schroeder, the state did not violate his right to be free from retroactive punishment when it allowed § 1108 evidence to be presented at his trial. The decision of the California courts was neither contrary to nor an unreasonable application of clearly established Supreme Court law under *Carmell*.

**AFFIRMED.**