Renaldo E. **GIBSON**, Petitioner— Appellant,

v.

Mark **SHEPARD**, Warden, Respondent— Appellee.

No. 06–56669.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007.*

Filed Aug. 22, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Renaldo E. Gibson, Corcoran, CA, pro se.

Atty Gen Cas Fax, Kristine A. Gutierrez, Esq., Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Renaldo Gibson, a California state prisoner, appeals pro se the denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction for possession of marijuana for sale and transportation of over 28.5 grams of marijuana. He claims ineffective assistance of counsel in his attorney's stipulation to an element of possession of marijuana for sale. We have jurisdiction under 28 U.S.C. § § 1291 and 2253, and we affirm.

We review de novo the district court's denial of a habeas corpus petition. *Tanner v. McDaniel,* 493 F.3d 1135, 1139 (9th Cir.2007). Pursuant to 28 U.S.C. § 2254(d)(1), a habeas petition may be granted only if the state court's decision was either contrary to or an unreasonable application of clearly established federal law, as determined by the United States Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Schroeder v. Tilton,* 493 F.3d 1083, 1086 (9th Cir.2007). The Sixth Amendment right to effective assistance of counsel is denied "when a defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense." *Yarborough v. Gentry,* 540 U.S. 1, 4, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003) (per curiam).

The evidence presented at trial showed that Gibson was stopped at the border, returning to the United States from Mexico, and that over 75 pounds of marijuana was found in the car he was driving. He was charged in count one with possession of marijuana for sale, in violation of Cal. Health & Safety Code § 11359. As the trial court instructed the jury, the elements of that offense are: (1) control or the right to control the marijuana, (2) knowledge of its presence, (3) knowledge that the substance had a narcotic character, (4) specific intent to sell the marijuana, and (5) an amount of marijuana sufficient to be used for sale or consumption. Defense counsel stipulated to the fourth element, that the marijuana was possessed for sale and not for personal use. During closing argument, counsel stated that the disputed issue was knowledge and that the defense had not challenged any other element of the offense. Attached to Gibson's

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

state court habeas petition was his counsel's declaration stating that "the reason [trial counsel] entered into the stipulation was to gain credibility with the jury" and that the defense theory was that Gibson was not aware of the presence of the marijuana in the car. In denying the petition, the California Court of Appeal concluded that it was reasonable for counsel to seek to gain credibility with the jury by conceding that the drugs were not for personal use and that even if the stipulation could have been worded more narrowly, Gibson had not established prejudice.

We affirm the district court's conclusion that the state court did not unreasonably apply federal law. As the district court stated, stipulation to an element of an offense for purposes of gaining credibility with the jury is a legitimate tactical approach. *See id.* at 9–10, 124 S.Ct. 1.

**AFFIRMED.**