**David DE LA ROSA, Petitioner–Appellant,**

v.

**Gail LEWIS; et al., Respondents–Appellees.**

### No. 07–15487.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007 *.

Filed Aug. 23, 2007.

David de La Rosa, Susanville, CA, pro se.

Justain P. Riley, DAG, Office of the California Attorney General, Sacramento, CA, for Respondents–Appellees.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

### MEMORANDUM **

David De La Rosa, a California state prisoner, appeals pro se the denial of his habeas corpus petition brought under 28 U.S.C. § 2254. He claims that his "three strikes" sentence of 25 years to life imprisonment violates the Eighth Amendment's prohibition against cruel and unusual pun-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ishment. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

We review de novo the district court's denial of a habeas corpus petition. *Tanner v. McDaniel,* 493 F.3d 1135, 1138–39 (9th Cir.2007). Pursuant to 28 U.S.C. § 2254(d)(1), a habeas petition may be granted only if the state court's decision was either contrary to or an unreasonable application of clearly established federal law, as determined by the United States Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Schroeder v. Tilton,* 493 F.3d 1083, 1084–86 (9th Cir.2007). A sentence violates the Eighth Amendment if it is grossly disproportionate to the crimes committed. *Lockyer v. Andrade,* 538 U.S. 63, 71, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). It is only in an "extremely rare" case that the defendant's sentence, weighed against the gravity of his offense and his criminal history, will give rise to an inference of gross disproportionality. *Ramirez v. Castro,* 365 F.3d 755, 770 (9th Cir.2004).

De La Rosa was convicted for two counts of failure to appear, in violation of Cal.Penal Code § 1320.5. The California Court of Appeal concluded that, in light of his "long criminal career," De La Rosa's sentence did not violate the Eighth Amendment. He argues that his sentence amounts to cruel and unusual punishment because he was acquitted of the burglary charge that underlay the charges of failure to appear. As noted by the district court, at least one of De La Rosa's many prior offenses, assault with a deadly weapon, involved violence. We affirm the district court's conclusion that the state court's rejection of the Eighth Amend-

ment claim was neither contrary to nor an unreasonable application of federal law. *Cf. Ramirez,* 365 F.3d at 768–70 (finding inference of disproportionality in extreme sentence for petty theft with short, non-violent criminal history).

**AFFIRMED.**