Rafael Ibarra ARREOLA, Petitioner—
Appellant,

v.

Jackie CRAWFORD, et
al., Respondents—
Appellees.

No. 06–17204.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 15, 2007.

Filed Oct. 24, 2007.

Paul G. Turner, Esq., FPDNV–Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

Rene L. Hulse, AGNV–Office of the Nevada Attorney General, Las Vegas, NV, for Respondents–Appellees.

Before: BEEZER, TROTT and N.R. SMITH, Circuit Judges.

## MEMORANDUM *

Rafael Ibarra Arreola, a Nevada state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his jury conviction for three counts of sexual assault with a minor under fourteen years of age. The district court certified three issues for appeal. Arreola also requested that the panel grant his motion to expand the certificate of appealability ("COA") and address an additional uncertified issue on appeal. Because the parties are aware of the facts of this case, we do not recount them here. We have jurisdiction under 28 U.S.C. § 2253. We affirm the district court's denial of the petition and deny Arreola's motion to expand.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We review de novo the district court's denial of a habeas corpus petition. *Tanner v. McDaniel,* 493 F.3d 1135, 1139 (9th Cir.2007). The Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") also governs our review. Under the AEDPA, a habeas petition may be granted only if the state court's decision was either contrary to, or an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Schroeder v. Tilton,* 493 F.3d 1083, 1086 (9th Cir.2007); 28 U.S.C. § 2254(d)(1).

 Arreola's counsel's failure to engage an expert to investigate and rebut DNA evidence did not fall outside the wide range of professionally competent assistance. However, even if outside the range, Arreola cannot demonstrate prejudice under *Strickland v. Washington,* 466 U.S. 668, 687–90, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Thus, the Nevada Supreme Court's determination that Arreola did not receive ineffective assistance of counsel was not contrary to, or an unreasonable application of, clearly established federal law.

 Arreola's due process rights were not violated when the judge asked Arreola's wife about her religious beliefs because, although the question was awkward, it had no impact upon the proceedings. Arreola failed to show that the question violated the Establishment Clause because the question did not improperly interject religious issues into the case. *See Lemon v. Kurtzman,* 403 U.S. 602, 612–13, 91 S.Ct. 2105, 29 L.Ed.2d 745 (1971). The

Nevada Supreme Court's decision on this issue was neither contrary to nor an unreasonable application of controlling Supreme Court authority.

■ Arreola presented his unreliable DNA evidence claim for the first time in his second state habeas petition. The Nevada Supreme Court declined to address this claim based on the independent and adequate state law grounds that the claim was untimely and successive. *See* Nev. Rev.Stat. §§ 34.726, 34.800, and 34.810. A federal court will not review a claim for habeas corpus relief if the state court's decision rested on a state law ground that is independent of the federal question and if the ground is adequate to support the judgment. *Coleman v. Thompson,* 501 U.S. 722, 730–31, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Thus, we do not review this claim. *See Coleman,* 501 U.S. at 750, 111 S.Ct. 2546 (noting that federal courts only review procedurally defaulted habeas claims if the petitioner establishes both cause *and* prejudice to excuse the procedural default). Arreola did not show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *McCleskey v. Zant,* 499 U.S. 467, 497, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

■ The Nevada Supreme Court also held that Arreola's uncertified claim regarding sufficiency of the evidence was procedurally barred under Nevada state law. *See* Nev.Rev.Stat. §§ 34.726, 34.800, and 34.810. Arreola cannot establish cause for the procedural default. *See Murray,* 477 U.S. at 488, 106 S.Ct. 2639; *McCleskey,* 499 U.S. at 497, 111 S.Ct. 1454.

Thus, Arreola cannot make the requisite "substantial showing of the denial of a constitutional right" which would justify expanding the COA. *See Hiivala v. Wood,* 195 F.3d 1098, 1104 (9th Cir.1999) (quoting 28 U.S.C. § 2253(c)(2)). *See also Slack v. McDaniel,* 529 U.S. 473, 475, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (noting that a substantial showing "includes showing that reasonable jurists could debate whether ... the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further' ").

We AFFIRM the district court's denial of Arreola's habeas corpus petition and DENY Arreola's motion to expand the certificate of appealability.

**AFFIRMED and DENIED.**