Kevin Ray HOLMES, Petitioner–
Appellant,

v.

Don HELLING;  et al., Respondents–
Appellees.

No. 07–15184.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 16, 2007.

Filed Oct. 31, 2007.

Lori C. Teicher, Esq., Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

Victor Hugo Schulze, II, Esq., Office of the Nevada Attorney General, Las Vegas, NV, for Respondents–Appellees.

Before: TROTT and N.R. SMITH, Circuit Judges, and SHADUR *, Senior Judge.

## MEMORANDUM **

Kevin Holmes, a Nevada state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his jury conviction for murder. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm in part and reverse in part.

We review de novo the district court's denial of a habeas corpus petition pursuant to the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Tanner v. McDaniel*, 493 F.3d 1135, 1139 (9th

Cir.2007). Under AEDPA, a habeas petition may be granted only if the state court's decision was either contrary to, or an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Schroeder v. Tilton*, 493 F.3d 1083, 1086 (9th Cir. 2007); 28 U.S.C. § 2254(d)(1). We look to the last reasoned state-court decision to determine whether that decision was contrary to, or unreasonably applied, clearly established federal law. *Ylst v. Nunnemaker*, 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991).

■ The Nevada Supreme Court's holding that the jury's general verdict did not violate Holmes's due process rights was neither contrary to, nor an unreasonable application of, clearly established federal law. Generally, a jury does not have to be unanimous in its theory of murder as long as it is unanimous in its verdict of murder. *Schad v. Arizona*, 501 U.S. 624, 630–45, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991). Notwithstanding *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), a general verdict need not be set aside "merely on the chance ... that the jury convicted on a ground that was not supported by adequate evidence when there existed alternative grounds for which the evidence was sufficient." *Griffin v. United States*, 502 U.S. 46, 59–60, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991) (citing *United States v. Townsend*, 924 F.2d 1385, 1414 (1991)).

Although a Nevada justice of the peace declined to bind Holmes over on felony robbery charges, there is no clearly estab-

---

* The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

lished federal law that precludes a state from charging a defendant with felony murder if the state does not charge the defendant with the underlying felony. Holmes does not argue that there was insufficient evidence on which the jury could have convicted him of premeditated murder, and the record, in fact, contains sufficient evidence on which the jury could have convicted Holmes of either premeditated or felony murder. Lastly, Nevada law did not preclude Nevada from charging Holmes with felony murder without also charging him with felony robbery. Thus, the Nevada Supreme Court's decision on this issue was neither contrary to, nor an unreasonable application of, clearly established federal law. *See id.*; *see also Hicks v. Oklahoma*, 447 U.S. 343, 346, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980) (holding that a state deprives a defendant of his due process rights when the state disregards the defendant's "substantial and legitimate expectation that he will be deprived of his liberty only to the extent determined by the jury in the exercise of its statutory discretion").

■ The out-of-court statement to which Holmes objects was not offered to prove the truth of the matter asserted in the statement. Thus, the Nevada Supreme Court's determination that the statement was admissible non-hearsay was neither contrary to, nor an unreasonable application of, clearly established federal law. *See Ohio v. Roberts*, 448 U.S. 56, 62 n. 4, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), *abrogated by Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) (defining hearsay as "testimony in court, or written evidence, of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-course asserter"); *Lockyer v. Andrade*, 538 U.S. 63, 71–72, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003) ("clearly established

Federal law under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision").

■ We are barred from addressing the merits of Holmes's prior "bad acts" claim because the Nevada Supreme Court held that, under Nevada law, Holmes failed to raise the those claims on direct appeal. *See Coleman v. Thompson*, 501 U.S. 722, 730, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (noting that if "a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement," federal courts are barred from addressing the claims as well). Here, the record indicates that Holmes did not raise his federal "bad acts" claim in either his first or second direct appeal. *See Gray v. Netherland*, 518 U.S. 152, 163–64, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996) (noting that a petitioner does not "fairly" present his federal claim to a state court by merely making "a general appeal to a constitutional guarantee as broad as due process" or by citing a case in which a defendant alleged a "broad federal due process right"). Additionally, Holmes did not show cause for his failure to raise his federal claim on direct appeal. *See Coleman*, 501 U.S. at 750, 111 S.Ct. 2546 (noting that if the state judgment rests on independent and adequate state procedural grounds, a federal court will review a petitioner's claim only if "the prisoner can demonstrate cause for the default *and* actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice") (emphasis added). We thus reverse the district court to the extent that it held that Holmes had exhausted his "bad acts" claim on direct appeal.

■ Holmes's counsel's performance was not outside the "wide range of profes-

sionally competent assistance." *See Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The record indicates that two of the three instances of prior "bad acts" testimony, to which Holmes claims his counsel should have objected, were admissible and the district court immediately struck the third instance from the record and admonished the jury to disregard it. Nothing in the record supports the alibi information Holmes claims his counsel should have investigated. Further, Holmes cannot show that "but for" counsel's alleged errors, "the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. Thus, the Nevada Supreme Court's determination that Holmes did not receive ineffective assistance of counsel was neither contrary to, nor an unreasonable application of, clearly established federal law. *Id.* at 687–94, 104 S.Ct. 2052 (holding that a defendant claiming ineffective assistance of counsel must demonstrate (1) that counsel's actions were outside the wide range of professionally competent assistance, and (2) that defendant was prejudiced by reason of counsel's actions).

■ Although the district court certified for appeal Holmes's claim that his right to a fair trial under the Sixth Amendment was violated because there was insufficient evidence to convict him of felony murder, Holmes waived this issue by failing to argue it in his opening brief. *See United States v. King,* 257 F.3d 1013, 1029 n. 5 (9th Cir.2001).

AFFIRMED in part. and REVERSED in part.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.