**David Cecil TUGGLE, Petitioner—Appellant,**

v.

**Roseanne CAMPBELL, Warden; et al., Respondents—Appellees.**

No. 06–16639.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2007.

Filed Dec. 21, 2007.

David Cecil Tuggle, Folsom, CA, pro se.

Shanti Brien, Esq., Oakland, CA, for Petitioner–Appellant.

Brian Means, Justain P. Riley, DAG, AGCA–Office of the California Attorney General, Sacramento, CA, for Respondents–Appellees.

Before: BRIGHT,* FARRIS, and THOMAS, Circuit Judges.

### MEMORANDUM **

David Cecil Tuggle was convicted of possessing .11 grams of methamphetamine and sentenced to 25 years to life under California's three strikes law. He was also sentenced to pay a $10,000 restitution fine. Tuggle appeals the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm.

Tuggle asserts that his "three strikes" sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment. Alternatively, he requests a remand to allow him to develop evidence that he is actually innocent of his predicate felonies, which include two 1986 state court convictions for rape. Tuggle argues that if evidence of his innocence existed, the court could consider it in its Eighth Amendment analysis.

A habeas petition may be granted only if the state court's decision was either contrary to or an unreasonable application of clearly established federal law, as determined by the United States Supreme Court, or was based on an unreasonable

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

determination of the facts in light of the evidence presented in the state court hearing. 28 U.S.C. § 2254(d)(1); *Schroeder v. Tilton*, 493 F.3d 1083, 1084–86 (9th Cir. 2007). A sentence violates the Eighth Amendment if it is "grossly disproportionate" to the crimes committed. *Lockyer v. Andrade*, 538 U.S. 63, 72, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). Tuggle's criminal history precludes a conclusion that his sentence raises an inference of gross disproportionality. *Compare Ramirez v. Castro*, 365 F.3d 755, 763 (9th Cir.2004) with *Taylor v. Lewis*, 460 F.3d 1093, 1100–01 (9th Cir.2006).

■ We lack jurisdiction to review Tuggle's assertion that the $10,000 fine is grossly disproportionate to his crime. Federal jurisdiction over a habeas petition arising from a state court judgment is limited to persons "in custody" pursuant to that judgment. 28 U.S.C. § 2254(a). Fines do not meet the "in custody" requirement. *See Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir.1998). The fact that Tuggle seeks release from custody in addition to relief from his fine does not create jurisdiction to review the fine. *See United States v. Thiele*, 314 F.3d 399, 402 (9th Cir.2002) (interpreting 28 U.S.C. § 2255).

■ We decline Tuggle's request to remand his petition to district court so he may develop his actual innocence claims. Where, as here, a petitioner's state court conviction is later used to enhance a criminal sentence, "the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403–04, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001). The Supreme Court has allowed a petitioner to collaterally challenge a prior conviction only "where there was a failure to appoint counsel in violation of the Sixth Amendment." *Id.* at 404, 121 S.Ct. 1567.

A court may consider the "factual specifics" of a petitioner's prior strikes in conducting the gross disproportionality analysis. *Reyes v. Brown*, 399 F.3d 964, 969 (9th Cir.2005). Here, Tuggle presents no judicially noticeable facts that he is actually innocent of his predicate felonies. If Tuggle obtains evidence that he is actually innocent of his rape convictions, he may file a second or successive application for habeas corpus pursuant to the requirements of 28 U.S.C. §§ 2244(b)(2)(B)(i) and (ii).

We decline to address Tuggle's challenge to his sentence on the ground that his predicate convictions were tainted by ineffective assistance of counsel. This claim was not certified by the district court and Tuggle failed to comply with circuit rules in its presentation. *See* 9th Cir. R. 22–1(e). We deny Tuggle's motion to expand the certificate of appealability to include claims that the district court abused its discretion in denying discovery and an evidentiary hearing to develop his ineffective assistance of counsel claim. Tuggle's claim is not supported by a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

**AFFIRMED.**