[No. 37352-1-II. Division Two. April 7, 2009.]

THE STATE OF WASHINGTON, *Respondent*, v. MATHEW JOHN JAGGER, *Petitioner.*

---

526

*Rita J. Griffith*, for petitioner.

*Gerald A. Horne*, *Prosecuting Attorney*, and *Kathleen Proctor*, *Deputy*, for respondent.

¶1 HOUGHTON, J. — Mathew Jagger appeals the trial court's denial of his motion to dismiss the charge of escape of a sexually violent predator under RCW 9A.76.115. He argues that the statute unconstitutionally criminalizes escape from a civil facility and violates both the double jeopardy clause and the equal protection guaranties of the

Washington and United States constitutions. We disagree and affirm.

## FACTS

¶2 On March 15, 2006, the State committed Jagger to the McNeil Island Special Commitment Center (SCC) after a jury found him to be a sexually violent predator (SVP). On July 21, officials at SCC discovered him between SCC's interior and exterior fences. He admitted to placing a dummy in his bed, climbing two fences, and attempting to escape. The State charged him with attempted SVP escape under RCW 9A.76.115 (SVP escape) and RCW 9A.28.020 (criminal attempt).

¶3 On November 6, 2007, Jagger moved to dismiss the charges based on constitutional claims. The trial court denied the motion. It then certified that its order involved a controlling question of law containing substantial grounds for difference of opinion. We granted discretionary review under RAP 2.3(b)(4).

## ANALYSIS

¶4 Jagger first contends that RCW 9A.76.115 unconstitutionally criminalizes escape from a civil facility in a manner inconsistent with *In re Personal Restraint of Young*, 122 Wn.2d 1, 857 P.2d 989 (1993) and *Kansas v. Hendricks*, 521 U.S. 346, 117 S. Ct. 2072, 138 L. Ed. 2d 501 (1997). He argues that these decisions allow commitment of an SVP offender after service of a prison term because the commitment is civil, not further punishment. He asserts that his sentence for SVP escape is further punishment, because his prior conviction made him eligible for SCC custody that the State enforced under threat of escape penalties.

¶5 RCW 9A.76.115 provides:

(1) A person is guilty of sexually violent predator escape if:

(a) Having been found to be a sexually violent predator and confined to the special commitment center or another secure

facility under court order, the person escapes from the secure facility;

(b) Having been found to be a sexually violent predator and being under an order of conditional release, the person leaves or remains absent from the state of Washington without prior court authorization; or

(c) Having been found to be a sexually violent predator and being under an order of conditional release, the person: (i) Without authorization, leaves or remains absent from his or her residence, place of employment, educational institution, or authorized outing; (ii) tampers with his or her electronic monitoring device or removes it without authorization; or (iii) escapes from his or her escort.

(2) Sexually violent predator escape is a class A felony with a minimum sentence of sixty months, and shall be sentenced under [ ]RCW 9.94A.712.

¶6 We review de novo a statute's constitutionality. *State v. Abrams*, 163 Wn.2d 277, 282, 178 P.3d 1021 (2008). We presume its constitutionality, and the party challenging it must prove its unconstitutionality beyond a reasonable doubt. *Abrams*, 163 Wn.2d at 282.

¶7 In *Young*, the court held that Washington's SVP statutes are civil rather than criminal in nature and, therefore, do not violate constitutional prohibitions on double jeopardy prosecutions or ex post facto laws.[1] 122 Wn.2d at 18. In *Hendricks*, the Court held as constitutional SVP laws similar to Washington's due to their civil nature. 521 U.S. at 362-66.

¶8 Jagger argues that, although courts have established the civil nature of SVP laws generally, RCW 9A.76.115 altered this precept because the State can now seek incarceration of a commitment facility resident who attempts to escape from his civil commitment. Jagger presents a case of first impression in Washington, but other

---

[1] Although the *Young* court also held that chapter 71.09 RCW violated the equal protection clause by not providing for a less restrictive alternative, the legislature later amended the law to provide such alternatives. *See In re Det. of Ross*, 102 Wn. App. 108, 113-14, 6 P.3d 625 (2000).

jurisdictions have addressed this argument in similar circumstances.

¶9 In *Bradford*, the State of Iowa charged the defendant with the equivalent of SVP escape. *In re Det. of Bradford*, 712 N.W.2d 144, 146 (Iowa 2006). The court ultimately held that its SVP laws are "not imposed because the person is in [an SCC], but because he has committed the crime of escape while being so confined." *Bradford*, 712 N.W.2d at 148. Discussing the propriety of the Iowa legislature's decision to criminalize the equivalent of SVP escape, the court explained:

> In addition, there are sound reasons for the legislature to criminalize escapes from [SVP] confinements but not escapes from other settings. One of the main purposes of [the statute] is the protection of the public. To punish the escape of such persons is logical; it tends to deter escapes and aids the protection of the public.

*Bradford*, 712 N.W.2d at 148 (citation omitted). Although the Iowa court did not analyze RCW 9A.76.115, its reasoning accords with the *Young* case. *Bradford*, 712 N.W.2d at 148; *accord Young*, 122 Wn.2d at 18-23.

¶10 Jagger urges us to apply tests from *Young* and *Hendricks* to conclude that the crime of SVP escape renders all of chapter 71.09 RCW criminal. But such tests are unnecessary where RCW 9A.76.115 punishes SVP escape as a felony and chapter 71.09 RCW establishes civil commitment centers for the protection of the people of Washington. The legislature clearly intended the former to be criminal and the latter to be civil.

¶11 The parties dispute whether the threat of prosecution for SVP escape changes the nature of the civil confinement. Jagger presents no persuasive argument that it does. Prosecution for SVP escape does not criminalize his civil commitment; instead, it criminalizes his escape from that confinement. The legislature has the power to criminalize certain acts, and escaping from confinement as an SVP is one of them. RCW 9A.76.115 does not change the civil nature of chapter 71.09 RCW.

¶12 Thus, as Jagger has not established the unconstitutionality of RCW 9A.76.115 beyond a reasonable doubt, his argument fails. *Abrams*, 163 Wn.2d at 282.

¶13 Jagger next contends that RCW 9A.76.115 is unconstitutional because the double jeopardy clause precludes SVP escape prosecutions. He argues that RCW 9A.76.115 constitutes additional punishment for the same offense that led to the initial conviction because one must be an SVP at a special commitment center before a violation of RCW 9A.76.115 may occur.

¶14 Washington's constitution bars double jeopardy prosecutions. CONST. art. I, § 9; RCW 10.43.050. "Double jeopardy bars retrial on the same crime if three requirements are met: (1) jeopardy previously attached, (2) jeopardy terminated, and (3) the defendant is in jeopardy a second time for the same offense in fact and law." *State v. Scott*, 145 Wn. App. 884, 891, 189 P.3d 209 (2008). The State did not violate double jeopardy in this case because Jagger has not been put in jeopardy twice for the same crime. The State charged him with attempted SVP escape, not the events that led to his placement in the facility. This argument also fails.

¶15 Jagger finally contends that RCW 9A.76.115 violates equal protection. He asserts that it unfairly punishes SVP offenders charged with escape more harshly than others who escape.[2]

¶16 In Washington, the law must provide similarly situated people with like treatment. *State v. Coria*, 120 Wn.2d 156, 169, 839 P.2d 890 (1992). Our Supreme Court construes the federal and state equal protection clauses identically and considers claims arising under either as one issue. *State v. Manussier*, 129 Wn.2d 652, 672, 921 P.2d 473 (1996). Rational basis scrutiny applies to physical liberty interests so long as a statutory classifica-

---

[2] *See* RCW 72.23.160 (mental patients escaping from institutions are to be apprehended and returned to the hospital without a warrant); RCW 9A.76.110 (escape from a detention facility treated as a class B felony).

tion does not include a suspect or semisuspect class. *Manussier*, 129 Wn.2d at 673; *Coria*, 120 Wn.2d at 171. An SVP is not a member of a suspect or semisuspect class. *In re Det. of Brooks*, 94 Wn. App. 716, 720-21, 973 P.2d 486 (1999), *aff'd in part, rev'd in part*, 145 Wn.2d 275, 299, 36 P.3d 1034 (2001) (affirming the court's finding that chapter 71.09 RCW does not violate equal protection due to its lower standard of proof requirements). To prevail on his equal protection challenge, Jagger must show that RCW 9A.76-.115 is purely arbitrary. *Coria*, 120 Wn.2d at 172.

¶17 As rational basis scrutiny applies, the question is whether punishing SVP offenders for escape rationally relates to a legitimate state interest. *See Coria*, 120 Wn.2d at 171-72. Washington courts apply the following three part test to determine whether a statute survives rational basis scrutiny: (1) Does the classification apply equally to all class members? (2) Does a rational basis exist for distinguishing class members from nonmembers? and (3) Does the classification bear a rational relationship to the legislative purpose? *Morris v. Blaker*, 118 Wn.2d 133, 149, 821 P.2d 482 (1992); *In re Pers. Restraint of Silas*, 135 Wn. App. 564, 570, 145 P.3d 1219 (2006).

¶18 Because the language of RCW 9A.76.115 applies equally to all SVPs, the statute meets the first part of the test. We next determine whether a rational basis exists for distinguishing between SVP offenders charged with escape from a commitment facility and others charged with escape. In *Young*, the court held that "[s]exually violent predators are generally considerably more dangerous to others than the mentally ill," who are also civilly committed.[3] 122 Wn.2d at 45. This difference in threat level, combined with the heightened likelihood that the SVP will "engage in predatory acts of sexual violence if not confined

---

[3] RCW 71.09.010 explains treatment differences for an SVP. *Young*, 122 Wn.2d at 45.

in a secure facility," supports the different treatment for SVP escapees.[4] RCW 71.09.020(16).

¶19 Finally, we must determine whether a rational relationship exists between punishing those who violate RCW 9A.76.115 and the State's interest in protecting the public from them. Such a punishment will likely deter an SVP from escaping and potentially harming members of the public. Because the legislature has found treatment to be a primary goal of SVP commitment, discouraging those sent there from escaping furthers that treatment objective. *See* RCW 71.09.010. A rational relationship therefore exists. Jagger's equal protection claim fails.

¶20 Affirmed.

PENOYAR, A.C.J., and QUINN-BRINTNALL, J., concur.

Review denied at 166 Wn.2d 1023 (2009).

---

[4] RCW 71.09.020(16) provides:

"Sexually violent predator" means any person who has been convicted of or charged with a crime of sexual violence and who suffers from a mental abnormality or personality disorder which makes the person likely to engage in predatory acts of sexual violence if not confined in a secure facility.