[No. 62507-1-I.   Division One.   December 21, 2009.]

THE STATE OF WASHINGTON, *Respondent*, v. ROGER ALAN SCHERNER, *Appellant.*

628

*Eric W. Lindell* (of *Lindell Law Offices*), for appellant.

*Daniel T. Satterberg, Prosecuting Attorney,* and *Brian M. McDonald, Deputy,* for respondent.

¶1  Cox, J. — Roger Scherner appeals his convictions of three counts of first degree child molestation. He fails in his burden to prove beyond a reasonable doubt that RCW 10.58.090, legislation that permits but does not require admission of evidence of prior "sexual offenses"[1] in sex offense prosecutions, is unconstitutional. That statute is not an ex post facto law and does not violate the separation of powers between the legislative and judicial branches. Moreover, it does not violate either the equal protection or the due process clauses of the state or federal constitutions. Alternatively, the evidence of his prior "sexual offenses" that the trial court admitted under the statute was also admissible as a common scheme or plan under ER 404(b). In sum, the trial court did not abuse its discretion in admitting the evidence of prior sexual offenses in this case. Because there are no other meritorious challenges to his convictions, we affirm.

¶2  Roger Scherner is the grandfather of M.S. Both Scherner and M.S. reside in California. During the summer

---

[1] RCW 10.58.090(4), (5).

of 2001 or 2002, when M.S. was seven or eight years old, she joined her grandparents on a car trip to visit relatives in Bellevue, Washington. During the trip, M.S. stayed in hotels with her grandparents and at the house of Scherner's sister in Bellevue.

¶3 In May 2003, M.S. revealed that she had been molested by Scherner during the trip to Washington. Both the Monterey County Sheriff's Department and the Bellevue Police Department were involved in investigating the case over the course of the next three years. During this time, M.S. revealed that she had been molested by Scherner prior to the trip to Washington. Beginning at a time when M.S. was five or six years old, Scherner molested her when she spent the night at his house. M.S. described the molestation primarily as genital stroking, both over and under her underwear.

### *Prior Sexual Misconduct*

¶4 The investigation also revealed that Scherner had previously molested other women when they were children. Scherner's previous victims included J.S., S.O., S.W., and N.K. Scherner and J.S. are relatives. Scherner molested J.S. from the time she was five years old until she was a teenager. The molestation involved genital touching, digital penetration, and oral sex. The misconduct usually took place at Scherner's house.

¶5 Scherner and S.O. are also relatives. Scherner molested S.O. when she was 13 years old. Scherner rubbed her nipples and performed oral sex on her when she spent the night at his house.

¶6 Scherner's family befriended S.W.'s family when S.W. was growing up. S.W. was 13 when Scherner molested her during a family ski trip. He rubbed her genitals while she was in bed in the condominium where both families were staying.

¶7 Scherner and N.K. are relatives. N.K. took two car trips with Scherner and his wife when she was between six

and eight years old. During the first trip, to Washington, Scherner molested N.K. while they were staying in a hotel room. On the second trip, to Disneyland, Scherner again molested N.K. while they were staying in a hotel room. Both times Scherner performed oral sex on N.K.

¶8 At trial, the court admitted testimony of the above described sexual offenses from J.S., S.O., S.W., and N.K. under RCW 10.58.090. The court also admitted the same evidence as a common scheme or plan under ER 404(b). The jury convicted Scherner as charged. The court sentenced him to 135 months in confinement for each count, to be served concurrently.

## CONSTITUTIONAL CHALLENGES

¶9 Scherner primarily argues that RCW 10.58.090 is unconstitutional under the state and federal constitutions. Specifically, he argues that it violates the prohibition against ex post facto laws, the separation of powers doctrine, due process, and equal protection. We disagree.

¶10 A statute is presumed constitutional, and the party challenging it has the burden to prove beyond a reasonable doubt that it is unconstitutional.[2] "When a party claims both state and federal constitutional violations, we turn first to our state constitution."[3]

¶11 "The primary goal of statutory interpretation is to ascertain and give effect to the legislature's intent and purpose. . . . If, among alternative constructions, one or more would involve serious constitutional difficulties, the court will reject those interpretations in favor of a construction that will sustain the constitutionality of the statute."[4]

---

[2] *State v. Ward*, 123 Wn.2d 488, 496, 869 P.2d 1062 (1994).

[3] *State v. Patton*, 167 Wn.2d 379, 385, 219 P.3d 651 (2009) (citing *State v. Johnson*, 128 Wn.2d 431, 443, 909 P.2d 293 (1996)).

[4] *In re Parentage of J.M.K.*, 155 Wn.2d 374, 387, 119 P.3d 840 (2005).

¶12 This court reviews de novo challenges to the constitutionality of legislation.[5]

¶13 RCW 10.58.090 provides in part:

(1) In a criminal action in which the defendant is accused of a sex offense, evidence of the defendant's commission of another sex offense or sex offenses is admissible, notwithstanding Evidence Rule 404(b), if the evidence is not inadmissible pursuant to Evidence Rule 403.

(2) In a case in which the state intends to offer evidence under this rule, the attorney for the state shall disclose the evidence to the defendant, including statements of witnesses or a summary of the substance of any testimony that is expected to be offered, at least fifteen days before the scheduled date of trial or at such later time as the court may allow for good cause.

. . . .

(4) For purposes of this section, "sex offense" means:

(a) Any offense defined as a sex offense by RCW 9.94A.030;

(b) Any violation under RCW 9A.44.096 (sexual misconduct with a minor in the second degree); and

(c) Any violation under RCW 9.68A.090 (communication with a minor for immoral purposes).

(5) For purposes of this section, uncharged conduct is included in the definition of "sex offense."

(6) When evaluating whether evidence of the defendant's commission of another sexual offense or offenses should be excluded pursuant to Evidence Rule 403, the trial judge shall consider the following factors:

(a) The similarity of the prior acts to the acts charged;

(b) The closeness in time of the prior acts to the acts charged;

(c) The frequency of the prior acts;

(d) The presence or lack of intervening circumstances;

(e) The necessity of the evidence beyond the testimonies already offered at trial;

(f) Whether the prior act was a criminal conviction;

(g) Whether the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or

---

[5] *City of Fircrest v. Jensen*, 158 Wn.2d 384, 389, 143 P.3d 776 (2006).

misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence; and

(h) Other facts and circumstances.

¶14  We begin our analysis by making some preliminary observations. First, contrary to Scherner's characterization, nothing in the text of RCW 10.58.090 permits admission of *"unproven* misconduct evidence."[6] The language of the statute does not indicate that the proponent of admission of sexual offense evidence is relieved of the common law burden of proving by a preponderance of the evidence that the misconduct occurred.[7] To the contrary, the legislative history states that in a criminal action charging a sex offense, evidence of the defendant's *commission* of other sex offenses is admissible, notwithstanding Washington's ER 404(b), *if relevant to any fact in issue*.[8]

¶15 Second, this same legislative history states that relevance of the evidence remains a requirement for admission.[9] This is consistent with the existing admissibility requirements of the common law.[10]

¶16 Third, the statute expressly requires courts to consider an expanded nonexclusive list of balancing factors in conducting an ER 403 balancing test.[11] We note that the

---

[6] Brief of Appellant at 27, 30-32 (emphasis added).

[7] 5 Karl B. Tegland, Washington Practice: Evidence Law and Practice § 404.33 (5th ed. 2007) (under ER 404(b), the proponent of prior misconduct evidence must show that such conduct occurred by a preponderance of the evidence as a precondition to admissibility); *State v. Baker*, 89 Wn. App. 726, 731-32, 950 P.2d 486 (1997) (before admitting evidence of other wrongs under ER 404(b), the trial court must find that a preponderance of the evidence shows that the misconduct occurred).

[8] S.B. Rep. on Substitute S.B. 6933, 60th Leg., Reg. Sess. (Wash. 2008).

[9] *Id.*

[10] *Baker*, 89 Wn. App. at 731-32 ("Before admitting evidence of other wrongs under ER 404(b), a trial court must . . . identify the purpose for which the evidence is being introduced.").

[11] RCW 10.58.090(1), (6).

statute expressly retains in subsection (6)(g) the traditional ER 403 test that courts have applied.[12]

¶17 Lastly, the primary issue before us is whether the challenged statute is unconstitutional, not whether the statute should have been subject to the supreme court's rule-making process.[13]

## Ex Post Facto

¶18 Scherner argues that RCW 10.58.090 violates the prohibition against ex post facto laws. We disagree.

¶19 The United States Constitution declares that "[n]o state shall . . . pass any . . . ex post facto law."[14] The Washington Constitution includes a virtually identical prohibition: "No . . . ex post facto law . . . shall ever be passed."[15]

¶20 Both the United States Supreme Court and the Washington Supreme Court have repeatedly endorsed the analytical framework articulated in *Calder v. Bull*[16] for analyzing ex post facto violations.[17] This framework identifies four categories of ex post facto laws:

---

[12] Blythe Chandler, Comment, *Balancing Interests Under Washington's Statute Governing the Admissibility of Extraneous Sex-Offense Evidence*, 84 WASH. L. REV. 259, 270-77 (2009) (discussing legislative emphasis on ER 403 balancing test).

[13] The Board of Judicial Administration opposed Substitute Senate Bill 6933, arguing that the proper forum and procedure for making this type of change in the Evidence Rules is the court rule-making process. S.B. REP. on Substitute S.B. 6933, at 3. There was similar opposition from the federal judiciary to the legislative introduction of Federal Rules Evidence (FRE) 413-415. The Judicial Conference of the United States unequivocally recommended that Congress reconsider its decision to adopt FRE 413-415. JUDICIAL CONFERENCE OF THE U.S., REPORT OF THE JUDICIAL CONFERENCE ON THE ADMISSION OF CHARACTER EVIDENCE IN CERTAIN SEXUAL MISCONDUCT CASES, 159 F.R.D. 51, 52-54 (1995). Yet, the federal courts have not overturned FRE 413-415 on constitutional grounds despite previously expressing opposition.

[14] U.S. CONST. art. I, § 10.

[15] WASH. CONST. art. I, § 23.

[16] 3 U.S. (3 Dall.) 386, 1 L. Ed. 648 (1798).

[17] *See State v. Edwards*, 104 Wn.2d 63, 70-71, 701 P.2d 508 (1985); *State v. Handran*, 113 Wn.2d 11, 14, 775 P.2d 453 (1989); *City of Seattle v. Ludvigsen*, 162 Wn.2d 660, 668-69, 174 P.3d 43 (2007); *Carmell v. Texas*, 529 U.S. 513, 525, 120 S. Ct. 1620, 146 L. Ed. 2d 577 (2000).

1st. Every law that makes an action, done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2d. Every law that aggravates a crime, or makes it greater than it was, when committed. 3d. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. *4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offence, in order to convict the offender.*[18]

¶21 The fourth category is at issue here. That same category was also at issue in the state supreme court's decision in *City of Seattle v. Ludvigsen*.[19]

¶22 In *Ludvigsen*, the defendant was charged in 2002 with driving while intoxicated (DWI) after submitting to a breath test.[20] He was not tried and convicted until 2005.[21] Ludvigsen appealed his DWI conviction, arguing that a 2004 legislative amendment, which removed the requirement that the breath test machine's thermometer be certified by a thermometer traceable to National Institute of Standards and Testing standards, was an ex post facto law.[22]

¶23 Discussing the ex post facto prohibition, the court stated that "[t]he difference between 'ordinary' rules of evidence and the alterations in the rules of evidence that Justice Chase [the author of *Calder*] spoke of in his '4th category' is their impact on the sufficiency of evidence necessary to convict. . . . '[O]rdinary' rules of evidence do not implicate ex post facto concerns because 'they do not concern whether the admissible evidence is sufficient to overcome the presumption [of innocence].' Thus, the issue is

---

[18] *Calder*, 3 U.S. at 390 (emphasis added).

[19] 162 Wn.2d 660, 668, 174 P.3d 43 (2007).

[20] *Id.* at 664.

[21] *Id.*

[22] *Id.* at 668.

whether the . . . amendments changed the ordinary rules of evidence or changed the evidence necessary to convict."[23]

¶24 The court concluded that because the validity of the breath test was part of the prima facie case required to convict, the government redefined the crime itself by redefining the meaning of a valid test.[24] The amendment reduced the quantum of evidence required to overcome the presumption of innocence.[25]

¶25 The *Ludvigsen* analysis adopts the United States Supreme Court's most recent analysis of the fourth *Calder* category from *Carmell v. Texas*.[26] There, the defendant was charged with sexually abusing his stepdaughter for many years.[27] Under the law in existence at the time of the challenged conduct, the defendant could not be convicted solely on the basis of the complaining victim's testimony, unless the victim reported the crime within six months.[28] After the charged criminal conduct occurred, but before trial, the legislature amended the law to allow conviction on the basis of the complaining victim's testimony alone, regardless of when the abuse was reported.[29] The defendant was convicted based only on his stepdaughter's testimony under the revised law.[30]

¶26 The Court stated that "[a] law reducing the quantum of evidence required to convict an offender is as grossly unfair as . . . retrospectively eliminating an element of the offense, increasing the punishment for an existing offense,

---

[23] *Id.* at 671-72 (fifth alteration in original) (quoting *Carmell*, 529 U.S. at 533 n.23).

[24] *Id.* at 672.

[25] *Id.* at 673.

[26] 529 U.S. 513, 120 S. Ct. 1620, 146 L. Ed. 2d 577 (2000).

[27] *Id.* at 516.

[28] *Id.* at 517.

[29] *Id.* at 518.

[30] *Id.* at 519.

or lowering the burden of proof."[31] In a footnote, the Court went on to define more precisely its understanding of what kinds of evidence rules violate the ex post facto prohibition:

> We do not mean to say that every rule that has an effect on whether a defendant can be convicted implicates the *Ex Post Facto* Clause. Ordinary rules of evidence, for example, do not violate the Clause. Rules of that nature are ordinarily even-handed, in the sense that they may benefit either the State or the defendant in any given case. More crucially, such rules, by simply permitting evidence to be admitted at trial, do not at all subvert the presumption of innocence, because they do not concern whether the admissible evidence is sufficient to over-come the presumption. Therefore, to the extent one may con-sider changes to such laws as "unfair" or "unjust," they do not implicate the same *kind* of unfairness implicated by changes in rules setting forth a sufficiency of the evidence standard.[32]

¶27 In concluding that the Texas statute did violate the ex post facto clause, the Court noted that the statute was a sufficiency of the evidence rule.[33] "As such, it does not merely 'regulat[e] . . . the mode in which the facts consti-tuting guilt may be placed before the jury,' but governs the sufficiency of those facts for meeting the burden of proof."[34]

¶28 Scherner essentially argues that RCW 10.58.090 is a sufficiency of the evidence rule that reduces the quantum of evidence required to prove guilt beyond a reasonable doubt. Neither a close reading of the statute nor a close reading of the case law supports this argument.

¶29 In *State v. Clevenger*,[35] our supreme court noted that " 'alterations which do not increase the punishment, nor change the ingredients of the offence [sic] or the ultimate facts necessary to establish guilt, but—leaving untouched

---

[31] *Id.* at 532.

[32] *Id.* at 533 n.23 (citation omitted).

[33] *Id.* at 544.

[34] *Id.* at 545 (alterations in original).

[35] 69 Wn.2d 136, 417 P.2d 626 (1966).

the nature of the crime and the amount or degree of proof essential to conviction—only remove existing restrictions' " on the admission of evidence " 'can be made applicable to prosecutions or trials thereafter had, without reference to the date of the commission of the offence [sic] charged.' "[36] Thus, as the United States Supreme Court noted in *Carmell*, a mere change in the evidence rules does not trigger constitutional concerns.

¶30 Scherner argues, incorrectly, that RCW 10.58.090 permits admission of unproven sexual offenses. As we have already observed, nothing in the statute relieves the proponent of such evidence of the existing requirement of proving by a preponderance of the evidence that the sexual offense occurred.

¶31 He also argues that the statute permits admission of evidence without specification of its purpose. Again, nothing in the statute relieves the proponent of the evidence or the court from the common law requirement of ensuring that the evidence is not used for an improper purpose.

¶32 For example, the court here gave an instruction to the jury that provided:

> In a criminal case in which the defendant is accused of an offense of sexual assault or child molestation, evidence of the defendant's commission of another offense or offenses of sexual assault or child molestation is admissible and may be considered for its bearing on any matter to which it is relevant. However, evidence of a prior offense on its own is not sufficient to prove the defendant guilty of any crime charged in the Information. Bear in mind as you consider this evidence that at all times the State has the burden of proving that the defendant committed each of the elements of each offense charged in the Information. I remind you that the defendant is not on trial for any act, conduct, or offense not charged in the Information.[37]

---

[36] *Id.* at 142 (quoting *Hopt v. Utah*, 110 U.S. 574, 589, 4 S. Ct. 202, 28 L. Ed. 262 (1884)).

[37] Clerk's Papers at 263.

¶33 Scherner neither assigns error to this instruction nor explains why this type of instruction fails to adequately protect against the improper use of sexual offense evidence.[38]

¶34 Scherner does not and could not persuasively argue that RCW 10.58.090 changes the State's burden of proof. Prior to passage of the statute, the State had to prove beyond a reasonable doubt (1) that Scherner had sexual contact with M.S., (2) who was under 12 years old and unmarried to Scherner at the time, and (3) that Scherner was more than 36 months older than M.S.[39] Those requirements remained after enactment of RCW 10.58.090.

¶35 Scherner's more troubling argument is that sex offense evidence is propensity evidence that reduces the quantum of evidence the State must produce in order to convict. We conclude that it is not.

¶36 In *Schroeder v. Tilton*,[40] the Ninth Circuit Court of Appeals considered whether California Evidence Code section 1108, which makes evidence of prior sexual misconduct admissible in sex offense prosecutions, violated the ex post facto clause of the United States Constitution.[41] The narrow question presented to the court on appeal was whether, under *Carmell*, the California Court of Appeals incorrectly held that section 1108 did not " 'eliminate or lower the quantum of proof required or in any way reduce the prosecutor's burden of proof.' "[42]

¶37 The Ninth Circuit concluded that the California court correctly held that section 1108 relates to admissibility of evidence and not sufficiency. "Nothing in the text of § 1108 suggests that the admissible propensity evidence would be sufficient, by itself, to convict a person of any

---

[38] While this instruction appears to have been adopted from a federal case, we do not suggest that it is the only type of instruction that may be given in similar cases. *See United States v. Benally*, 500 F.3d 1085, 1089 (10th Cir. 2007).

[39] RCW 9A.44.083.

[40] 493 F.3d 1083 (9th Cir. 2007).

[41] *Id.* at 1085.

[42] *Id.* at 1088.

crime."[43] The court further noted that while section 1108 technically allows conviction on "different" evidence than before its adoption, the argument that this violates the ex post facto clause "would be persuasive if the jury could rely *solely* on the uncharged acts to convict."[44] Similarly, here there is no suggestion that evidence admitted pursuant to RCW 10.58.090 would be sufficient, by itself, to result in a sex offense conviction.

¶38 We also note that RCW 10.58.090 permits but does not require admission of sexual offense evidence. Likewise, ER 404(b) permits admission of evidence for "other purposes" than to show propensity:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for *other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.*[45]

¶39 Moreover, the accused's "lustful disposition" toward the victim, though not expressly listed in the rule is, nevertheless, another exception to the rule against certain types of propensity evidence.[46] Evidence of an accused's sexual offenses against the *victim* in a prosecution for sexual misconduct has been consistently recognized as admissible.[47]

¶40 This statute does not limit evidence of sexual offenses to acts against the victim. Rather, it permits admission of evidence of sexual misconduct by the accused against persons other than the victim. Viewing this statutory change as an extension of the principles underlying the

---

[43] *Id.*

[44] *Id.* (some emphasis added).

[45] (Emphasis added.)

[46] 5 TEGLAND, *supra*, § 404.26.

[47] *Id.* ("By long-standing tradition, the defendant's previous sexual contacts with the victim are admissible in prosecutions for rape, statutory rape, incest, seduction, sodomy, and indecent liberties." (footnotes omitted)).

lustful disposition exception to propensity evidence that Washington courts already recognize, it is difficult to see why admission of lustful disposition evidence is not unconstitutional but admission of sexual offense evidence under RCW 10.58.090 is unconstitutional. There is no reduction in the quantum of evidence required to convict when comparing the two.

¶41 In any event, the statute expressly retains the function of the trial courts to balance probative value against prejudicial effect under the modified ER 403 test. Moreover, trial courts retain the ultimate power to decide whether to admit or exclude any proffered evidence. These safeguards should protect against admission of any evidence that could unconstitutionally affect the sufficiency of evidence to convict.

¶42 Unlike the statute at issue in *Carmell*, RCW 10.58.090 does not subvert the presumption of innocence because it does not concern whether the admitted evidence is sufficient to overcome the presumption of innocence.[48] Here, as the *Carmell* Court stated, "[T]o the extent one may consider changes to such laws as 'unfair' or 'unjust,' they do not implicate the same *kind* of unfairness implicated by changes in rules setting forth a sufficiency of the evidence standard."[49] There is no constitutional violation.

¶43 Finally, Scherner argues that the statute violates the ex post facto clause because it changes the definition of what constitutes a "sex offense." However, the focus of the ex post facto inquiry is on whether a legislative change alters the definition of criminal conduct or increases the punishment for criminal acts.[50] RCW 10.58.090 does not alter the definition of any crime or relate to punishment for any criminal act. The definition of "sex offense" at RCW

---

[48] *See Carmell*, 529 U.S. at 533 n.23.

[49] *Id.*

[50] *Collins v. Youngblood*, 497 U.S. 37, 43, 110 S. Ct. 2715, 111 L. Ed. 2d 30 (1990).

10.58.090(4) simply creates a category of potentially admissible evidence. Scherner's argument fails.

¶44 This is not an ex post facto law.

## Separation of Powers

¶45 Scherner next argues that RCW 10.58.090 violates the separation of powers doctrine. He argues that RCW 10.58.090 invades the judicial branch's inherent power to promulgate rules of evidence, infringing on the court's independence and integrity. In the alternative, he argues that the statute cannot be harmonized with ER 404(b). We again disagree.

¶46 The doctrine of separation of powers is implicit in our constitution, derived from the distribution of power into three coequal branches of government.[51] However, "the three branches are not hermetically sealed and some overlap must exist."[52] The inquiry we must make is " 'not whether two branches of government engage in coinciding activities, but rather whether the activity of one branch threatens the independence or integrity or invades the prerogatives of another.' "[53]

¶47 The authority to enact evidence rules is shared by the supreme court and the legislature.[54] The supreme court is vested with judicial power from article IV of our constitution and from the legislature under RCW 2.04.190.[55] The court's authority to govern court procedure flows from these dual sources of authority.[56]

---

[51] *Jensen*, 158 Wn.2d at 393.

[52] *Id.* at 393-94.

[53] *Id.* at 394 (internal quotation marks omitted) (quoting *State v. Moreno*, 147 Wn.2d 500, 505-06, 58 P.3d 265 (2002)).

[54] *Id.*

[55] *Id.*

[56] *Id.* (citing *State v. Fields*, 85 Wn.2d 126, 128-29, 530 P.2d 284 (1975)).

¶48 The legislature's authority to enact rules of evidence has long been recognized by the supreme court.[57] "The adoption of the rules of evidence is a legislatively delegated power of the judiciary. Therefore, rules of evidence may be promulgated by both the legislative and judicial branches."[58]

¶49 The question Scherner poses concerns the effect of RCW 10.58.090 on the court-promulgated ER 404(b), which deals with the same subject matter. Specifically, we must address the effect of the statutory language that states, "In a criminal action in which the defendant is accused of a sex offense, evidence of the defendant's commission of another sex offense or sex offenses is admissible, notwithstanding ER 404(b), if the evidence is not inadmissible pursuant to ER 403."[59]

¶50 For at least 25 years, where an apparent conflict between a court rule and a statutory provision can be harmonized, both are given effect if possible.[60] If, on the other hand, there is "an irreconcilable conflict between a court rule and a statute concerning a matter related to the court's inherent power, the court rule will prevail."[61] The "inability to harmonize a court rule with a statute occurs only when the statute directly and unavoidably conflicts with the court rule."[62]

¶51 Here, Scherner appears to argue that the subject matter of ER 404(b) may not be modified by RCW 10.58.090 and, thus, we need not attempt to harmonize the two. However, the case law is to the contrary.

---

[57] *See State v. Pavelich*, 153 Wash. 379, 279 P. 1102 (1929); *State v. Sears*, 4 Wn.2d 200, 103 P.2d 337 (1940); *Fields*, 85 Wn.2d at 128-29; *Jensen*, 158 Wn.2d at 394.

[58] *Jensen*, 158 Wn.2d at 394 (citation omitted).

[59] RCW 10.58.090(1).

[60] *See State v. Ryan*, 103 Wn.2d 165, 178, 691 P.2d 197 (1984); *Emwright v. King County*, 96 Wn.2d 538, 543, 637 P.2d 656 (1981).

[61] *Jensen*, 158 Wn.2d at 394.

[62] *Wash. State Council of Cnty. & City Emps., Council 2 v. Hahn*, 151 Wn.2d 163, 169, 86 P.3d 774 (2004).

¶52 Scherner next argues that RCW 10.58.090 cannot be harmonized with ER 404(b) because it poses a direct conflict with the ban on propensity evidence. We reject this argument also.

¶53 ER 404(b) bans the admission of propensity evidence if offered to prove action in conformity therewith but permits admission of other crimes, wrongs, and acts for other purposes.[63] Case authority requires courts to balance the admission of such evidence against the possibility of unfair prejudice under ER 403.[64] RCW 10.58.090 expands the nonexclusive list of "other purposes" for which evidence of "other crimes, wrongs, or acts" may be admitted to include other sex offenses in sex offense prosecutions. The admission of other sex offenses under RCW 10.58.090 is still subject to the court's ER 403 balancing test, expanded to include a list of eight nonexclusive balancing factors.[65]

¶54 Although the evidence rules relating to relevance do not specifically contemplate legislative amendment, RCW 10.58.090 is not inconsistent with the legislature's prior policy-driven amendments to the rules of evidence. It is not at all unusual for the legislature to act with regard to the admissibility of specific classes of evidence based on overarching policy concerns.[66] So long as the statute enacted by the legislature is merely permissive, leaving the court to function as the final gatekeeper determining the ultimate admission of evidence, our supreme court has consistently upheld these public policy-driven amendments.

---

[63] ER 404(b).

[64] *Baker*, 89 Wn. App. at 732.

[65] RCW 10.58.090(2).

[66] *See, e.g.*, RCW 5.64.010 (evidence of furnishing or offering to pay medical expenses and expressions of apology, sympathy, etc., not admissible in negligence action against health care provider); RCW 5.66.010 (evidence of expressions of sympathy inadmissible against party in a civil action seeking damages for death or personal injury); RCW 5.60.060 (witnesses disqualified due to rules of privilege), .050 (making persons of unsound mind, persons intoxicated at the time of their examination, and children who are incapable of receiving just impressions of the facts incompetent to testify).

¶55 In *City of Fircrest v. Jensen*,[67] the legislature amended RCW 46.61.506, which codifies the requirements for admission of blood alcohol content (BAC) tests in any civil or criminal action.[68] Jensen claimed that by mandating the admission of BAC tests, the amendment conflicted directly with the court's authority to exclude evidence based on relevance or prejudice. The city argued that the amendment simply codified the admissibility rules from case law prior to a 2004 court opinion that deviated from previous precedent.[69] The court concluded that the amendment did not violate the separation of powers doctrine.[70] The court determined that "[t]he legislature has made clear its intention to make BAC test results fully admissible once the State has met its prima facie burden. No reason exists to not follow this intent. . . . The statute is permissive, not mandatory, and can be harmonized with the rules of evidence."[71]

¶56 RCW 10.58.090 modifies the subject matter addressed by ER 404(b) by expanding the nonexclusive[72] list of permissible purposes for which evidence of prior "crimes, wrongs, or acts" may be relevant to include prior sex offenses by the defendant in sex offense cases. The exception that the legislature carved out closely tracks developments in Washington case law that have allowed the admission of prior sexual misconduct evidence in sex offense cases for a number of limited purposes. As previously noted, Washington courts have long admitted evidence of a defendant's "lustful disposition" toward the victim under

---

[67] 158 Wn.2d 384, 143 P.3d 776 (2006).

[68] *Id.* at 388.

[69] *Id.* at 396.

[70] *Id.* at 399.

[71] *Id.*

[72] ER 404(b) has been interpreted as providing a nonexclusive list of other purposes for which prior bad acts evidence may be admissible. *See* S.B. REP. on Substitute S.B. 6933. This interpretation of ER 404(b) is consistent with a majority of federal and state courts. 1 EDWARD J. IMWINKELRIED, UNCHARGED MISCONDUCT EVIDENCE §§ 29-31 (1998).

the common law.[73] In addition, our supreme court has recently upheld the admission of sexual misconduct evidence involving other victims under a less stringent version of the "common scheme or plan" exception to ER 404(b).[74] Evidence of prior sexual misconduct involving other victims has also been allowed as evidence of identity,[75] a unique modus operandi,[76] and to rebut the defendant's claim that the charged sexual offense was accidental.[77]

¶57 RCW 10.58.090 also is consistent with developments in the Federal Rules of Evidence (FRE).[78]

¶58 Scherner argues that RCW 10.58.090 cannot be harmonized with ER 404(b) because it overrules the court's unequivocal ban on all propensity evidence. He reads too broadly the scope of ER 404(b)'s exclusion of propensity evidence in Washington.

---

[73] *State v. Ferguson*, 100 Wn.2d 131, 133-34, 667 P.2d 68 (1983) ("This court has often invoked an exception in similar cases to permit evidence of collateral sexual misconduct when it shows a lustful disposition directed toward the offended female. 'Such evidence is admitted for the purpose of showing the lustful inclination of the defendant toward the offended female, which in turn makes it more probable that the defendant committed the offense charged.'" (citations omitted) (quoting *State v. Thorne*, 43 Wn.2d 47, 60-61, 260 P.2d 331 (1953))).

[74] *State v. DeVincentis*, 150 Wn.2d 11, 21, 74 P.3d 119 (2003) (holding that the high level of similarity between the charged crime and prior bad acts necessary to prove common scheme or plan does not require evidence of common features to show a unique method of committing the crime).

[75] *See, e.g.*, *State v. Herzog*, 73 Wn. App. 34, 43-44, 867 P.2d 648 (1994); *State v. Bowen*, 48 Wn. App. 187, 193, 738 P.2d 316 (1987).

[76] *See Herzog*, 73 Wn. App. at 44 ("Evidence that the accused committed an uncharged crime *of the same type as the crime charged* tends to prove that the accused has a propensity to commit that specific type of crime. Evidence that the accused has a propensity to commit that specific type of crime increases, more strongly than before, the probability that the accused committed the particular crime charged.").

[77] *See, e.g.*, *Baker*, 89 Wn. App. at 734-35.

[78] FRE 413 and 414 permit trial judges to admit evidence of prior sex offenses committed by the defendant in sex offense cases and evidence of prior child molestation committed by the defendant in child molestation cases, if the judge finds that such evidence is relevant to any fact in issue. Unlike RCW 10.58.090, the federal rules do not explicitly require the trial court to conduct an ER 403 balancing test. JUDICIAL CONFERENCE OF THE U.S., 159 F.R.D. at 52.

¶59 RCW 10.58.090 is consistent with the direction of case law allowing prior sexual misconduct evidence in sex offense cases. More significantly, the legislative amendment permits but does not ever ***require*** a court to admit evidence of prior sexual misconduct. Rather, admission is subject to the court establishing that the evidence is relevant and that the probative value outweighs the risk of unfair prejudice under the modified ER 403 balancing test.

¶60 In sum, RCW 10.58.090 evidences the legislature's intent that evidence of sexual offenses may be admissible, subject to the modified ER 403 balancing test. But the legislation also leaves the ultimate decision on admissibility to the trial courts based on the facts of the cases before them. This is consistent with past legislative amendments to the rules of evidence and does not infringe on a core function of the judiciary.

¶61 There is no violation of the separation of powers between the legislative and judicial branches of government.

### Equal Protection

¶62 Scherner claims that RCW 10.58.090 violates his right to equal protection under the law. This argument is unconvincing.

¶63 The law must provide similarly situated people with like treatment.[79] Our courts construe the federal and state equal protection clauses identically.[80]

¶64 The rational basis test applies to equal protection claims when a classification does not involve a suspect class and does not threaten a fundamental right.[81] Under the rational basis test, a law will be upheld if it rests upon a legitimate state objective and is not wholly irrel-

---

[79] *State v. Jagger*, 149 Wn. App. 525, 531-32, 204 P.3d 267 (citing *State v. Coria*, 120 Wn.2d 156, 169, 839 P.2d 890 (1992)), *review denied*, 166 Wn.2d 1023 (2009).

[80] *Id.* (citing *State v. Manussier*, 129 Wn.2d 652, 672, 921 P.2d 473 (1996)).

[81] *Manussier*, 129 Wn.2d at 673.

evant to achieving that objective.[82] The person challenging the classification must show that it is "purely arbitrary."[83]

¶65 Here, there is no suspect classification. Thus, the rational basis test controls. Under that test, RCW 10.58.090 is not unconstitutional as long as there is a legitimate objective and the statute is reasonably designed to achieve that objective. Washington courts apply the following three-part test to determine whether a statute survives rational basis scrutiny: (1) does the classification apply equally to all class members, (2) does a rational basis exist for distinguishing class members from nonmembers, and (3) does the classification bear a rational relationship to the legislative purpose?[84]

¶66 Scherner argues that persons charged with sex offenses are treated differently than those charged with other criminal offenses and that admission of evidence of other sexual offenses violates the equal protection clause for this reason. We reject this argument for the same reasons that Washington courts have previously rejected similar equal protection claims.

¶67 Here, the statute passes the first prong of the rational basis test because it applies equally to all defendants who have committed a sex offense as defined by RCW 10.58.090(4).[85] The statute also passes the second prong of the test. Our supreme court has previously held that a rational basis exists for distinguishing sex offenders from other criminal offenders.[86] Finally, under the third prong of

---

[82] *Id.*

[83] *Omega Nat'l Ins. Co. v. Marquardt*, 115 Wn.2d 416, 431, 799 P.2d 235 (1990).

[84] *Jagger*, 149 Wn. App. at 532 (citing *Morris v. Blaker*, 118 Wn.2d 133, 149, 821 P.2d 482 (1992); *In re Pers. Restraint of Silas*, 135 Wn. App. 564, 570, 145 P.3d 1219 (2006)).

[85] RCW 10.58.090(4) (including all sex offenses defined by RCW 9.94A.030, sexual misconduct with a minor, and communication with a minor for immoral purposes).

[86] *See Ward*, 123 Wn.2d at 516-17 (classifications in RCW 9A.44.130(3) for sex offender registration do not violate equal protection guaranties).

the test, we must determine whether this classification bears a rational relationship to the legislative purpose behind RCW 10.58.090. We recognize that the legislature has broad discretion to determine the public interest and what measures are necessary to secure that interest.[87] Here, the legislature's legitimate objective was to ensure that juries receive the necessary evidence to reach a just and fair verdict in sex offense prosecutions.[88] Making evidence of prior sex offenses admissible where relevant and probative in sex offense prosecutions is rationally related to the legitimate objective of protecting victims and the public from sex offenders. RCW 10.58.090 passes the rational basis test.

¶68 Scherner also cites *Bush v. Gore*[89] to support his claim that RCW 10.58.090 violates equal protection. There, the United States Supreme Court held that the equal protection clause requires uniform and specific standards for vote counting.[90] However, the holding in *Bush* was limited to "the present circumstances."[91] The facts at issue here do not remotely resemble those facts. Consistent with the self-limiting language of the opinion, the Supreme Court has declined to cite *Bush* since the decision was published. Except in the rare circumstances where the facts at issue show some resemblance to the contested 2000 presidential election,[92] the precedential value of *Bush* is ambiguous at best, and the opinion should not be cited to support other equal protection claims.

---

[87] *Id.* at 516.

[88] LAWS OF 2008, ch. 90, § 1.

[89] 531 U.S. 98, 121 S. Ct. 525, 148 L. Ed. 2d 388 (2000).

[90] *Id.* at 106.

[91] *Id.* at 109.

[92] *League of Women Voters of Ohio v. Brunner*, 548 F.3d 463, 477 (6th Cir. 2008) (finding *Bush* applicable to challenge to Ohio's voting system); *Common Cause S. Christian Leadership Conference of Greater L.A. v. Jones*, 213 F. Supp. 2d 1106, 1108 (C.D. Cal. 2001) (finding *Bush* applicable to challenge to California's voting system); *Big Spring v. Jore*, 2005 MT 64, 326 Mont. 256, 109 P.3d 219 (finding *Bush* applicable to challenge to Montana's recount procedures and standards for determining voter intent).

*Due Process*

¶69 Scherner contends that permitting admission of evidence of sexual offenses against persons other than the current alleged victim under RCW 10.58.090 violates the constitutional right to due process by denying defendants a fair trial. Specifically, he argues that admission of propensity evidence undermines the presumption of innocence and permits convictions on less than proof beyond a reasonable doubt. He also argues that the statute violates due process because it requires the trial court to consider the "necessity" of the evidence before deciding whether or not to admit the evidence of prior sexual assaults. Finally, he claims the statute is vague. We disagree with all of these contentions.

¶70 The due process clauses of both the state and federal constitutions declare that no person shall be deprived of life, liberty, or property without due process of law.[93] Due process includes the guaranty of a fair trial, including conviction on nothing less than proof beyond a reasonable doubt in a criminal case.[94] The United States Supreme Court has held that the test for whether an evidentiary rule violates due process is if "the introduction of this type of evidence is so extremely unfair that its admission violates 'fundamental conceptions of justice.' "[95] The Court has also stated that the category of rules that violate fundamental conceptions of justice should be construed "very narrowly."[96]

¶71 We first address Scherner's "necessity" argument. Scherner argues that RCW 10.58.090(6)(e) violates due process by requiring the trial court to weigh the

---

[93] U.S. CONST. amend. XIV; WASH. CONST. art. I, § 3.

[94] *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970); *State v. Hundley*, 126 Wn.2d 418, 421, 895 P.2d 403 (1995).

[95] *Dowling v. United States*, 493 U.S. 342, 352, 110 S. Ct. 668, 107 L. Ed. 2d 708 (1990).

[96] *Id.*

"necessity" of the sexual offense evidence. According to him, to do so requires the trial court to abandon its neutrality and prejudge the strength of the prosecution's case and the likelihood of the defendant's guilt. He misreads the statute.

¶72 In fact, the provision on which he bases his argument is one of eight nonexclusive factors a court should consider when deciding whether sexual offense evidence should be "excluded pursuant to ER 403." RCW 10.58-.090(6)(e) states the factor as "[t]he necessity of the evidence beyond the testimonies already offered at trial."

¶73 As the State correctly argues, other evidentiary rules require the trial court to consider the necessity of the proffered evidence. ER 403 itself requires the trial court to weigh the necessity of the evidence to determine whether it will be needlessly cumulative or duplicative. Likewise, ER 609(d) provides that the trial court may admit a witness's juvenile adjudication only if it is necessary for a fair determination of the issue of guilt or innocence.

¶74 Neither *Holmes v. South Carolina*[97] nor *Giles v. California*[98] supports Scherner's assertion that a rule requiring the trial court to consider the necessity of additional evidence violates due process. In *Holmes*, the Court concluded that a South Carolina common law rule that allowed the trial court to exclude ***defense*** testimony based on the strength of the prosecution's case denied the defendant his right to " 'present a complete defense.' "[99] In *Giles*, the Court concluded that a California rule allowing testimonial statements under an exception for "forfeiture by wrongdoing" stripped the defendant of his Sixth Amendment guaranty of confrontation.[100] Neither case is persuasive here.

¶75 Scherner's more compelling argument is that the statute will benefit the State more often than an

---

[97] 547 U.S. 319, 126 S. Ct. 1727, 164 L. Ed. 2d 503 (2006).

[98] 554 U.S. 353, 128 S. Ct. 2678, 171 L. Ed. 2d 488 (2008).

[99] *Holmes*, 547 U.S. at 331 (internal quotation marks omitted) (quoting *Crane v. Kentucky*, 476 U.S. 683, 690, 106 S. Ct. 2142, 90 L. Ed. 2d 636 (1986)).

[100] *Giles*, 553 U.S. at 375-76.

accused. However, none of the cases cited by Scherner suggest that an evidentiary rule violates due process simply because it benefits one party over another. Scherner couches his argument in general terms: the trial judge must remain neutral and unbiased. While this general statement of law is true, Scherner does not cite any case law to support the proposition that a party cannot receive a "fair, impartial, and neutral hearing" because a rule of evidence is not neutral.[101]

¶76 Scherner next argues that admission of propensity evidence undermines the presumption of innocence and permits convictions on less than proof beyond a reasonable doubt.

¶77 The test for admissibility of evidence is relevance. One limitation on relevant evidence is ER 404(b). ER 404(b) codified the historical prohibition on prior misconduct as character evidence, where such evidence is offered for the sole purpose of proving the defendant's action in conformity with the character trait, unless admitted for another purpose.[102]

¶78 ER 404(b) does not, however, prohibit the admission of all prior misconduct evidence. The rule provides a list of "other purposes" for which prior misconduct evidence may be admitted.[103] As discussed above, Washington courts have historically allowed evidence of a defendant's prior sex offenses in certain sex offense prosecutions under a number of these exceptions. Prior sex offenses involving other victims have been allowed under ER 404(b) as evidence of identity,[104] a unique modus operandi,[105] to prove a common

---

[101] *See* Brief of Appellant at 41 (citing *State v. Perala*, 132 Wn. App. 98, 112-13, 130 P.3d 852 (2006)).

[102] 1 IMWINKELRIED, *supra*, at ch. 2 (Supp. 2006).

[103] ER 404(b).

[104] *Herzog*, 73 Wn. App. at 43-44; *Bowen*, 48 Wn. App. at 193.

[105] *Herzog*, 73 Wn. App. at 43-44; *Bowen*, 48 Wn. App. at 193.

scheme or plan,[106] and to rebut the defendant's claim that the charged sexual offense was accidental.[107] In addition, courts have allowed evidence of prior sexual offenses under a common law exception to show the defendant's "lustful disposition" toward the victim.[108]

¶79 The Ninth Circuit rejected a due process challenge to a similar rule of evidence,[109] FRE 414, noting that many jurisdictions allow evidence of a defendant's prior acts of sexual misconduct in prosecutions for offenses such as rape, incest, and child molestation under similar exceptions to those utilized by Washington courts.[110] The court concluded that "there is nothing fundamentally unfair about the allowance of propensity evidence under Rule 414. As long as the protections of Rule 403 remain in place to ensure that potentially devastating evidence of little probative value will not reach the jury, the right to a fair trial remains

---

[106] *State v. Lough*, 125 Wn.2d 847, 853-56, 889 P.2d 487 (1995) (prior acts admitted to show scheme or plan to drug and rape women); *Baker*, 89 Wn. App. at 732-35 (prior acts admitted to show common scheme or plan to sexually assault sleeping children); *State v. Krause*, 82 Wn. App. 688, 693-98, 919 P.2d 123 (1996) (prior acts admitted to show scheme or plan of molesting young boys by befriending the parents and working to gain the boys affections), *review denied*, 131 Wn.2d 1007 (1997); *DeVincentis*, 150 Wn.2d at 16-21 (prior acts admitted to show common plan to get to know prepubescent girls, create a trusting relationship, and desensitize them to nudity by wearing almost no clothing); *State v. Kennealy*, 151 Wn. App. 861, 887-89, 214 P.3d 200 (2009) (prior acts admitted to show a common scheme or plan even though defendant argued that the prior incidents differed from the charged incidents).

[107] *Baker*, 89 Wn. App. at 734-35.

[108] *State v. Ray*, 116 Wn.2d 531, 546-48, 806 P.2d 1220 (1991); *State v. Camarillo*, 115 Wn.2d 60, 70, 794 P.2d 850 (1990); *Ferguson*, 100 Wn.2d at 133-34; *State v. Medcalf*, 58 Wn. App. 817, 822-23, 795 P.2d 158 (1990).

[109] FRE 414(a) ("In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant."); *see also* FRE 413(a) ("In a criminal case in which the defendant is accused of an offense of sexual assault, evidence of the defendant's commission of another offense or offenses of sexual assault is admissible, and may be considered for its bearing on any matter to which it is relevant.").

[110] *United States v. LeMay*, 260 F.3d 1018, 1025-26 (9th Cir. 2001).

adequately safeguarded."[111] Other federal appellate courts that have considered the same question have reached a similar conclusion.[112]

¶80 RCW 10.58.090 explicitly requires the trial court to conduct a modified ER 403 balancing test and prohibits admission of evidence of prior sex offenses where the risk of unfair prejudice is greater than the probative value of the evidence. Application of ER 403 in determining admissibility ensures that RCW 10.58.090 does not open the door to any and all propensity evidence in sex offense cases.

¶81 Relying on *State v. Rhodes*[113] and *City of Spokane v. Fischer*,[114] Scherner argues that RCW 10.58-.090 violates due process because it is unconstitutionally vague. He argues that the enumerated factors courts must consider when determining whether other sexual offenses are admissible are not adequately defined. Neither case supports his argument.

¶82 *Rhodes* was overruled by *State v. Baldwin*.[115] In *Fischer*, the court concluded that a municipal ordinance making it a nuisance for any dog to disturb or annoy any person by habitual howling, yelping, or barking was void for vagueness.[116]

¶83 Neither *Rhodes* nor *Fischer* supports the conclusion that RCW 10.58.090 does not provide adequate standards to prevent arbitrary enforcement. As the State points out, rules governing the admissibility of evidence are meant to be applied by lawyers and judges and do not apply directly to ordinary citizens. Courts regularly weigh numerous

---

[111] *Id.* at 1026.

[112] *See, e.g., United States v. Mound*, 149 F.3d 799 (8th Cir. 1998); *United States v. Castillo*, 140 F.3d 874, 883 (10th Cir. 1998); *United States v. Enjady*, 134 F.3d 1427, 1429 (10th Cir. 1998).

[113] 92 Wn.2d 755, 600 P.2d 1264 (1979).

[114] 110 Wn.2d 541, 754 P.2d 1241 (1988).

[115] 150 Wn.2d 448, 78 P.3d 1005 (2003).

[116] *Fischer*, 110 Wn.2d at 542.

factors when ruling on the admissibility of evidence, and RCW 10.58.090 is no different.

¶84 In sum, given the governing test, we conclude that this statute does not violate due process.

## ADMISSIBILITY UNDER ER 404(b) and 403

¶85 Scherner next argues that the trial court abused its discretion in alternatively admitting the sexual offense evidence under the common scheme or plan exception to ER 404(b). He also claims the court failed to conduct an adequate ER 403 balancing test. We reject these claims.

¶86 We review a trial court's decision to admit or exclude evidence for an abuse of discretion.[117] A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds.[118]

¶87 The trial court must always begin with the presumption that evidence of prior bad acts is inadmissible under ER 404(b).[119] The analysis for admitting prior bad acts to prove a common scheme or plan is set forth in *State v. Lough*.[120]

> Proof of such a plan is admissible if the prior acts are (1) proved by a preponderance of the evidence, (2) admitted for the purpose of proving a common plan or scheme, (3) relevant to prove an element of the crime charged or to rebut a defense, and (4) more probative than prejudicial.[121]

¶88 Scherner argues that the State did not meet its burden under the second element of the *Lough* test because it did not demonstrate a "specific design or system that included the crime charged. . . . A mere general similarity

---

[117] *DeVincentis*, 150 Wn.2d at 17.

[118] *In re Marriage of Littlefield*, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997).

[119] *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

[120] 125 Wn.2d 847, 889 P.2d 487 (1995) (upheld by *DeVincentis*, 150 Wn.2d at 17).

[121] *Id.* at 852.

between the other offenses and the crime charged is insufficient."[122] Scherner is incorrect.

¶89 In *DeVincentis*, our supreme court addressed whether, under *Lough*, prior acts that are similar to the charged crime but not unique or uncommon may be admitted.[123] The court held that the degree of similarity between the charged crime and the prior bad acts must be substantial but did not require that the evidence of a common feature be a unique method of committing the crime.[124] "[T]he trial court need only find that the prior bad acts show a pattern or plan with marked similarities to the facts in the case before it."[125]

¶90 Here, there was a marked similarity between Scherner's molestation of M.S. and his prior sexual abuse of J.S., S.O., S.W., and N.K. All of the girls were of similar prepubescent age and size when Scherner began molesting them. In each instance, Scherner was a trusted relative or friend of the girl. In each case, he molested the girl in bed, sometimes after she had gone to sleep. In each case, the abuse involved rubbing the girl's genital area or performing oral sex. Admission of this evidence as a common scheme or plan was a proper exercise of discretion.

¶91 Scherner next argues that even if the prior sex offenses were properly admitted under either RCW 10.58.090 or the common scheme or plan exception to ER 404(b), the trial court failed to properly weigh the probative value of the evidence against the danger of unfair prejudice.

¶92 Scherner argues that the trial court abused its discretion under RCW 10.58.090 because (1) the specifics of the prior molestation differed from the charged crimes, (2) the prior molestation took place decades ago, (3) the frequency of the prior molestation varied by victim, (4) he

---

[122] Brief of Appellant at 47 (citations omitted) (citing *State v. Bacotgarcia*, 59 Wn. App. 815, 820, 801 P.2d 993 (1990)).

[123] *DeVincentis*, 150 Wn.2d at 18.

[124] *Id.* at 20-21.

[125] *Id.* at 13.

received some kind of sexual deviancy counseling since the last incident of molestation, (5) the evidence was not necessary, (6) none of the prior molestation resulted in a criminal conviction, and (7) the potential for unfair prejudice outweighed the probative value. He argues based on these factors that the danger of unfair prejudice substantially outweighed any probative value of the prior misconduct evidence.

¶93 Here, the trial court considered each of the articulated factors under RCW 10.58.090(6) and determined that the probative value of the testimony from Scherner's four prior victims outweighed the danger of unfair prejudice. Prior to admitting the evidence, the trial court determined based on a preponderance of the evidence that the prior sexual misconduct had occurred. The court then concluded that "this evidence addresses the credibility of the complaining witness. The only direct evidence against the defendant[.] [A]nd her credibility is a critical element in the case."

¶94 Although the defendant argued for a different result under the ER 403 balancing test and RCW 10.58.090(6) in his motion in limine, the trial court's ruling was not an abuse of discretion. As the trial court pointed out, RCW 10.58.090 does not instruct the court on how to weigh the articulated factors. It states only that the trial court must consider all of the factors when conducting its ER 403 balancing test. The ultimate decision on admissibility or exclusion remains with the court.

¶95 In addition to conducting a proper ER 403 balancing test, the court also gave the jury a limiting instruction:

> [E]vidence of a prior offense on its own is not sufficient to prove the defendant guilty of any crime charged in the Information. Bear in mind as you consider this evidence that at all times the State has the burden of proving that the defendant committed each of the elements of each offense charged in the Information.

*I remind you that the defendant is not on trial for any act, conduct, or offense not charged in the Information.*[126]

¶96 Here, the trial court complied with both RCW 10.58.060 and ER 403. Moreover, the court gave the jury the above limiting instruction. There was no abuse of discretion in also admitting the evidence under the common scheme or plan exception to ER 404(b).

¶97 We affirm the judgment and sentence.

¶98 The balance of this opinion has no precedential value. Accordingly, pursuant to RCW 2.06.040, it shall not be published.

SCHINDLER, C.J., and LEACH, J., concur.

Review granted at 168 Wn.2d 1036 (2010).

---

[126] Clerk's Papers at 263 (emphasis added).